**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3673-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LAMAR A. JONES,

     Defendant-Appellant.

_____

Submitted October 15, 2020 – Decided November 17, 2020

Before Judges Ostrer and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 10-11-1702.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Lamar A. Jones appeals from the trial court's order denying, without an evidentiary hearing, his petition for post-conviction relief (PCR). Jones collaterally challenges his conviction of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5–2, N.J.S.A. 2C:15–1(a), second-degree unlawful possession of a weapon, N.J.S.A. 2C:39–5(b), and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4(a). We affirmed those convictions on direct appeal, but we reversed defendant's conviction of fourth-degree criminal trespass, N.J.S.A. 2C:18–3, which was charged as a lesser-included offense of attempted armed robbery. See State v. Jones, No. A-4115-13 (App. Div. Aug. 1, 2017).

We affirm.

Jones presents the following points for our consideration:

POINT I

AS MR. JONES HAS ESTABLISHD A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL, HE WAS ENTITLED TO POST-CONVICTION RELIEF, OR, AT A MINIMUM, TO AN EVIDENTIARY HEARING.

(1) Trial counsel's failure to pursue a speedy trial prejudiced his client.

(2) Trial counsel's opening statement prejudiced Mr. Jones' right to effective assistance of counsel.

2

(3) Trial counsel failed to effectively cross-examine the State's primary witness against his client.

POINT II

AS THERE WAS A GENUINE DISPUTE OF MATERIAL FACT, AN EVIDENTIARY HEARING WAS REQUIRED.

To prevail on a claim of ineffective assistance of counsel, a defendant (1) must prove that his counsel's performance fell below the standard established in the Sixth Amendment of the United States Constitution, and he (2) "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); see also State v. Fritz, 105 N.J. 42 (1987).  Because the PCR court did not hold an evidentiary hearing, we review de novo both the PCR court's factual inferences and its legal conclusions.  State v. Harris, 181 N.J. 391, 420–21 (2004).  However, we shall not disturb the PCR court's determination if we are persuaded by the soundness of its reasoning.  See State v. S.S., 229 N.J. 360, 380 (2017).

Applying that standard, we affirm, substantially for the reasons set forth in Judge Alberto Rivas's cogent oral opinion.  Where a defendant asserts that his attorney was ineffective by failing to file a motion, he must establish that the motion would have had merit.  See State v. O'Neal, 190 N.J. 601, 618–19 (2007)

3

(discussing failure to file suppression motion). "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ." Id. at 619. As Judge Rivas found after applying the four-factor Barker test, Barker v. Wingo, 407 U.S. 514, 530–33 (1972), Jones would not have prevailed on a motion to dismiss based on an alleged denial of his right to a speedy trial. We discern no error in that finding.

As did Judge Rivas, we also find no merit in Jones's contention that his trial attorney was ineffective in his opening statement and in his cross-examination of Keree Wade, the State's primary witness and Jones's fellow co-conspirator, who was convicted at an earlier trial and then cooperated with the State. Essentially, Jones argues that the opening statement was not extensive enough, and that the cross-examination was not incisive enough. But Judge Rivas concluded that trial counsel's performance, despite Jones's critique, did not fall below an objective standard of reasonableness as Strickland requires. Mindful that "[j]udicial scrutiny of counsel's performance must be highly deferential," and that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," we agree that trial counsel's performance fell "within

4

the wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689–90.

We add a comment on one aspect of trial counsel's alleged ineffectiveness. Jones contends that trial counsel was ineffective because he tried to undermine Wade's credibility by eliciting his gang-member status. Yet, on direct appeal, defendant effectively endorsed that strategy by contending — albeit unsuccessfully — that the court infringed upon his constitutional right to confrontation by prohibiting that line of questioning. If nothing else, Jones's inconsistent positions at least demonstrate that trial counsel's strategy was a reasonably debatable one that did not fall below the constitutional floor. See State v. Marshall, 148 N.J. 89, 255–56 (1997) (rejecting claims of trial counsel ineffectiveness that "all involve clearly debatable issues of strategy").

To the extent not addressed, Jones's remaining points lack sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3673-18T4